# IN THE COURT OF APPEALS OF IOWA

No. 13-1464
Filed May 14, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GUILLERMO A. GIBENS-ACOSTA,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest (plea) and Mary Ann Brown (sentencing), Judges.

Guillermo Gibens-Acosta appeals from the sentence imposed upon his plea of guilty. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Katie A. Fiala, Assistant Attorney General, and Charles Stream, County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**DANILSON, C.J.**

Guillermo Gibens-Acosta appeals from the sentence imposed upon his plea of guilty. Finding no abuse of discretion, we affirm.

Guillermo Gibens-Acosta was charged with third-degree kidnapping and enticing a child after he convinced two girls, ages four and six, to go with him to a secluded hallway where he exposed himself and masturbated.

The State agreed to accept a plea to the charge of enticing a child and

> recommend a sentence that the defendant be sentenced to a term not to exceed five years, to pay a minimum fine, surcharge and costs; and to recommend the term of imprisonment be suspended, be placed on probation under the supervision of court services for a period of five years. A specific condition of that probation be that he be placed in the residential facility for a period of 180 days or until he's received maximum benefits from that facility; that he remain incarcerated in the Mahaska County Jail until there is an opening at the facility; that a specific condition of probation that he complete the sexual offender program.

Gibens-Acosta pled guilty to enticing a child. The judge that took the plea specifically informed the defendant, "I may not be the judge when that sentence occurs. I have no problem with the recommended sentence. It looks to be at least at this point a reasonable option. But I can't tell you that I am going to be the judge here to sentence you." The defendant stated he understood.

A different judge presided at sentencing and rejected the recommendation of the State. The sentencing court considered proper factors, including rehabilitation, protection of society, the presentence investigation report recommendation of imprisonment, and imposed a term within the statutory limits. We find no abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (noting the decision to impose a sentence within statutory limits is

"cloaked with a strong presumption in its favor"). The fact that a different judge presided at the sentencing hearing than Gibens-Acosta expected or desired, and different defense counsel represented him, does not aid his argument.

**AFFIRMED.**